UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE ANNUITY AND HEALTH & WELFARE FUNDS OF
THE UNITED FOOD & COMMERCIAL WORKERS
LOCAL 2013, AFL-CIO BY THEIR TRUSTEES LOUIS
MARK CAROTENUTO and STANLEY FLEISHMAN,                          **COMPLAINT**

        Plaintiffs,                               17-CIV-7576

  -against-

KATZ DELICATESSEN OF HOUSTON STREET, INC.
d/b/a KATZ'S DELI,

        Defendant.
------------------------------------------------------------X

  Plaintiffs THE ANNUITY AND HEALTH & WELFARE FUNDS OF THE UNITED FOOD & COMMERCIAL WORKERS LOCAL 2013, AFL-CIO BY THEIR TRUSTEES LOUIS MARK CAROTENUTO and STANLEY FLEISHMAN ("Plaintiffs LOCAL 2013 TRUST FUNDS"), by their attorneys, BRADY McGUIRE & STEINBERG, P.C., for their Complaint, respectfully allege:

  1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA") and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185 et seq. ("LMRA") to compel an audit of the Defendant's payroll records, to recover contributions owed to employee fringe benefit trust funds and for the breach of the terms and conditions of a collective bargaining agreement.

## JURISDICTION

  2. The subject matter jurisdiction of this Court is invoked pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, along with Section 301(c) of the LMRA, 29 U.S.C. § 185(c).

  3. Venue is properly laid in the Southern District of New York pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that,

Defendant's principal office for the transaction of business is located in the City, County and State of New York.

## THE PARTIES

4. Plaintiffs LOCAL 2013 TRUST FUNDS are joint trustee funds established by trust indentures pursuant to Section 302 of the LMRA, 29 U.S.C. § 186. The Trustees of the LOCAL 2013 TRUST FUNDS maintain the subject plans at an office located at 9235 Fourth Avenue, Brooklyn, New York.

5. LOUIS MARK CAROTENUTO and STANLEY FLEISHMAN are Trustees of Plaintiffs LOCAL 2013 TRUST FUNDS and are "fiduciaries" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. Plaintiff LOCAL 2013 ANNUITY FUND is an employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2) and established for the purpose of providing retirement income to eligible participants.

7. Plaintiff LOCAL 2013 WELFARE FUND is an employee health benefit plan within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1) and established for the purpose of providing medical benefits to eligible participants.

8. Plaintiffs LOCAL 2013 TRUST FUNDS constitute multi-employer/employee benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).

9. Upon information and belief, Defendant KATZ DELICATESSEN OF HOUSTON STREET, INC. d/b/a KATZ'S DELI ("KATZ'S DELI") was and still is a New York corporation with its principal place of business located at 205 East Houston Street, New York, New York.

10. Upon information and belief, Defendant KATZ'S DELI was and still is a foreign corporation duly licensed to do business in the State of New York.

11. Upon information and belief, Defendant KATZ'S DELI was and still is a foreign corporation doing business in the State of New York.

12. Upon information and belief, Defendant KATZ'S DELI is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5) and Section 301 of the LMRA, 29 U.S.C. § 185.

## AS AND FOR A FIRST CAUSE OF ACTION
## (AUDIT DEMAND)

13. Plaintiffs LOCAL 2013 TRUST FUNDS repeat and reallege each and every paragraph of the Complaint numbered 1 through 12 inclusive with the same force and effect as though more fully set forth at length herein.

14. At all times relevant hereto, Defendant KATZ'S DELI agreed to be bound by the terms and conditions of a collective bargaining agreement with United Food & Commercial Workers Local 2013, AFL-CIO ("Local 2013") (hereinafter referred to as the "Collective Bargaining Agreement").

15. Local 2013 is a labor organization as defined in Section 2 of the LMRA, 29 U.S.C. § 152 et seq., having its principal office for the transaction of business located at 9235 Fourth Avenue, Brooklyn, New York.

16. In accordance with the Collective Bargaining Agreement and the Trust Agreements establishing Plaintiffs LOCAL 2013 TRUST FUNDS, Defendant KATZ'S DELI is required to remit payment of an agreed upon monthly amount in fringe benefit contributions to said Plaintiffs for each employee covered by the Collective Bargaining Agreement.

17. Article XIV of the Collective Bargaining Agreement states:

> The Employer will pay to Local 2013 Health & Welfare Fund - Plan C, per month in advance for all employees employed six (6) months on the payroll any day during that month, to be used by Local 2013 Health & Welfare Fund, as a Welfare Fund, as follows . . .

\* \* \*

> The Welfare Fund has been created and maintained pursuant to an Agreement & Declaration of Trust ("Trust"). Said Trust is hereby made a part of this Agreement with the same force and effect as if fully incorporated herein. The Employer and Union hereby agree that upon the execution of this Agreement, they shall be deemed parties to the Trust.

18. Article XV of the Collective Bargaining Agreement states:

> The Employer will pay to Local 2013 Annuity Fund, per month in advance for all employees employed six (6) months on the payroll any day during that month, to be used by Local 2013 Annuity Fund, as an Annuity Fund as follows: . . .

19. Pursuant to the terms of the Trust Agreements establishing Plaintiffs LOCAL 2013 TRUST FUNDS as referenced in the Collective Bargaining Agreement as well as the obligation to remit contributions pursuant to said Agreement and in accordance with ERISA, said Plaintiffs are entitled to an audit of the books and records of Defendant KATZ'S DELI.

20. Section 209(a) of ERISA, 29 U.S.C. § 1059(a)(1) together with applicable case law provides that employers are required to maintain records so that employee benefit plans may review them to determine whether contributions are due and employers, such as Defendant KATZ'S DELI, have an affirmative duty to furnish to Plaintiffs the information needed for Plaintiffs to fulfill their duties.

21. In pertinent part, the Trust Agreements establishing Plaintiffs LOCAL 2013 TRUST FUNDS both state:

> Each Employer shall promptly furnish to the Trustees, on demand, the names of his Employees, their Social Security Numbers, the hours worked by each Employee and such other information as the Trustees may reasonably require in connection with the administration of the Fund and for no other purpose. The Trustees may, by their respective representatives, examine and audit the pertinent employment and payroll records of each Employer at the Employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Fund.

22. Upon information and belief, Defendant KATZ'S DELI may have underreported the number of employees, the amount of employee hours worked, wages paid to its employees and the

contributions therefore due to Plaintiffs LOCAL 2013 TRUST FUNDS for the period of January 1, 2013 through December 31, 2014.

23. Although Plaintiffs LOCAL 2013 TRUST FUNDS formally requested the production of the payroll records, to date, Defendant KATZ'S DELI has refused to cooperate with an audit and Plaintiffs LOCAL 2013 TRUST FUNDS therefore demand an audit of the books and records of Defendant KATZ'S DELI for the period of January 1, 2013 through December 31, 2014.

## AS AND FOR A SECOND CAUSE OF ACTION
## (BREACH OF COLLECTIVE BARGAINING AGREEMENT)

24. Plaintiffs LOCAL 2013 TRUST FUNDS repeat and reallege each and every paragraph of the Complaint numbered 1 through 23 inclusive with the same force and effect as though more fully set forth at length herein.

25. Upon information and belief, Defendant KATZ'S DELI has failed to provide the contractually required fringe benefit contributions for the period of January 1, 2013 through December 31, 2014 in the approximate amount of $50,000.00.

26. Despite repeated efforts by Plaintiffs LOCAL 2013 TRUST FUNDS to collect the contributions owed, Defendant KATZ'S DELI remains delinquent in making the proper contribution payments to said Plaintiffs.

27. Accordingly, as a direct and proximate result of the defaults, omissions and breaches of the Collective Bargaining Agreement by Defendant KATZ'S DELI, said Defendant is liable to Plaintiffs LOCAL 2013 TRUST FUNDS in the amount of $50,000.00, along with the costs of the audit.

## AS AND FOR A THIRD CAUSE OF ACTION
## (BREACH OF ERISA OBLIGATIONS)

28.     Plaintiffs LOCAL 2013 TRUST FUNDS repeat and reallege each and every paragraph of the Complaint numbered 1 through 27 inclusive with the same force and effect as though more fully set forth at length herein.

29.     The failure of Defendant KATZ'S DELI to remit the required fringe benefit contribution payments to Plaintiffs LOCAL 2013 TRUST FUNDS for the period of January 1, 2013 through December 31, 2014 in the approximate amount of $50,000.00 is a violation of Section 515 of ERISA, 29 U.S.C. § 1145 which requires that employers pay fringe benefit contributions in accordance with the terms and conditions of the applicable collective bargaining agreement.

30.     Despite repeated efforts by Plaintiffs LOCAL 2013 TRUST FUNDS to collect the contributions owed, Defendant KATZ'S DELI remains delinquent in making the proper contribution payments to said Plaintiffs.

31.     Section 502 of ERISA, 29 U.S.C. § 1132 provides that upon a finding of an employer's violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to the Plaintiff Trust Funds: (a) the amount owed in unpaid fringe benefit contributions; together with (b) interest on the unpaid contributions computed at the rate provided for under the Plaintiff Trust Fund's Plan, or if none, at the rate set forth in the United States Internal Revenue Code at 26 U.S.C. § 6621; (c) liquidated damages; (d) reasonable attorneys' fees; and (e) costs and disbursements, including the cost of the audit.

32.     Accordingly, as a direct and proximate result of the breach of the Collective Bargaining Agreement by Defendant KATZ'S DELI and as a result thereof having violated Section 515 of ERISA, 29 U.S.C. § 1145, said Defendant is liable to Plaintiffs LOCAL 2013 TRUST FUNDS in the amount of $50,000.00, together with accumulated interest on the unpaid fringe benefit contributions, liquidated

damages, reasonable attorneys' fees, along with the costs and disbursements, including the cost of performing the audit, all incurred in this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

**WHEREFORE**, Plaintiffs demand judgment on the First Cause of Action as follows:

1. An Order requiring Defendant KATZ DELICATESSEN OF HOUSTON STREET, INC. d/b/a KATZ'S DELI to submit its books and records to Plaintiffs' designated representative for an audit in accordance with the applicable provisions of ERISA, the Trust Agreements establishing Plaintiffs Trust Funds and the Collective Bargaining Agreement for the period of January 1, 2013 through December 31, 2014 with the cost thereof to be the responsibility of said Defendant.

**WHEREFORE**, Plaintiffs demand judgment on the Second Cause of Action as follows:

1. Of Defendant KATZ DELICATESSEN OF HOUSTON STREET, INC. d/b/a KATZ'S DELI in the amount of contributions determined to be due and owing to Plaintiffs LOCAL 2013 TRUST FUNDS in the amount of $50,000.00, plus any additional monies that may be determined to become justly due and owing to said Plaintiffs during the pendency of this action and before final judgment.

**WHEREFORE**, Plaintiffs demand judgment on the Third Cause of Action as follows:

1. Of Defendant KATZ DELICATESSEN OF HOUSTON STREET, INC. d/b/a KATZ'S DELI in the amount of contributions determined to be due and owing to Plaintiff LOCAL 2013 WELFARE FUND in the amount of $50,000.00, plus any additional monies that may be determined to become justly due and owing to said Plaintiffs during the pendency of this action and before final judgment, together with:

   a. Prejudgment interest, computed at the plan rate or the applicable United States Treasury rate from the date on which the first payment was due on the total amount owed by Defendant, in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

  b. Statutory or liquidated damages in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

  c. Attorneys' fees, audit costs, along with the costs and disbursements of this action in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

  d. Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

Dated: Tarrytown, New York
   October 4, 2017

                Yours, etc.

                BRADY McGUIRE & STEINBERG, P.C.

         By: James M. Steinberg (JS-3515)
            Attorneys for Plaintiffs
            U.F.C.W. Local 2013 Trust Funds
            303 South Broadway, Suite 234
            Tarrytown, New York 10591
            (914) 478-4293